No. 38.—John B. Fitts, plaintiff in error, *vs.* James P. Rose and others, defendants in error.

[1.] The fee bill of 1792, regulating the commissions to be allowed the Sheriff, does not look to the amount of sales alone as the measure of compensation.

Rule, in Putnam Superior Court. Decision by Judge Hardeman, September Term, 1855.

The only question in this case, was as to the commissions of the Sheriff upon the amount of sales made by him. It appeared that the amount of the sales was $3.890, and that the sale was made by virtue of sundry *fi. fas.* varying in amount. The Sheriff claimed his commission upon each *fi. fa.* varying according to the amount. The Court held that the Sheriff was entitled to one and a fourth per cent. on the whole amount, and no more. This decision is assigned as error by the Sheriff.

Hudson, for plaintiff in error.

No appearance for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It is difficult to execute, literally, the fee bill of 1792, and the Acts amendatory thereof, from the fact that the Legislature evidently had in their mind a case only where money should be raised upon a single *fi. fa.* In such case, it is a simple proceeding to graduate the commissions according to the size of the execution. That is, in the language of the law, " On all sums where the execution does not exceed 64 dollars and 28 cents, 6¼ per cent. on the amount of property sold ; on all sums above 64 dollars and 28 cents, where the execution does not exceed 428 and 56 cents, 3⅛ ; and on all sums where the execution exceeds 428 dollars and 56 cents, 1¼." (*Cobb's Digest,* 350, 351.)

In this case, near four thousand dollars was raised from the sale of the defendants' property, and paid over to the various liens in the hands of the Sheriff, consisting of executions and orders in attachment; of which seventy-three were in amount under sixty-four dollars and twenty-eight cents ; and eight exceeded sixty-four dollars and twenty-eight cents, and were under four hundred and twenty-eight dollars and fifty-six cents. There were no *fi. fas.* or attachments above that sum.

Judge HARDEMAN, with that strong sense of right which usually characterizes his decisions, and considering what the law ought to be, namely : to fix the fees by the amount of sales, irrespective of the size of the process, restricted the commissions to 1¼ per cent. And we believe that a similar rule has been adopted in other circuits. And yet, perhaps, there is none which is a wider departure from the letter of the Statute, as it is written. While the Act remains as it is, some practice must be pursued which will have reference to the amount of the liens under which the property is sold; otherwise, the law is set at naught.

In some of the Judicial Districts, the plan has been to allow commissions on *every fi. fa.* according to the amount

thereof; and while this construction best subserves the letter of the law, and is, perhaps, in accordance with the rule suggested by this Court in *Aycock vs. Buffington*, (2 *Kelly*, 268,) still, in our opinion, the compensation is excessive in a case like the present, where there are seventy-three executions and attachments under 64 dollars and 28 cents. In every such case, the lion's share of the proceeds goes to the officer.

If we were at liberty to prescribe a rule, which would meet the justice of the case, and at the same time comply with the *spirit* of the Statute, it would be this: That up to the sum of 64 dollars and 28 cents, the Sheriff should receive $6\frac{1}{4}$ per cent.; between that amount and 428 dollars and 56 cents, $3\frac{1}{8}$; and upon the balance of the fund $1\frac{1}{4}$. And we are clear, that in no case should commissions be charged upon the surplus remaining in the hands of the Sheriff. He is prohibited, under severe penalties, from making excessive levies. And it is impolitic to tempt him to violate his duty.